# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEBRASKA

| | |
|---|---|
| In re:<br><br>DEWAYNE K. LONG,<br><br>    Debtor. | BK. Case No. 09-82347 |
| DEWAYNE K. LONG, a single person; and as Trustee of THE DCSTH FOUNDATION,<br><br>    Plaintiff(s),<br><br>vs.<br><br>DEUTSCHE BANK, N.A.; JP MORGAN CHASE HOME BUYERS INCORPORATED,<br><br>    Defendant(s), | Adv. Proc. No. 10-08038 -TJM<br><br>**DEFENDANTS'**<br>**MOTION TO DISMISS** |

Deutsche Bank, N.A. and JP Morgan Chase Bank, N.A. (incorrectly identified as "JP Morgan Chase Home Buyers Incorporated" in the caption) (collectively the "Defendants") hereby move the Court for an order dismissing the Complaint filed by DeWayne K. Long (the "Plaintiff"), pursuant to Neb. R. Bankr. P. 7001-1(a)(1)(e), and Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, as adopted by Rule 7012 of the Federal Rules of Bankruptcy Procedure. In support of their motion, the Defendants state as follows:

## INTRODUCTION

Dismissal is necessary in this case because the Court has no basis for jurisdiction, and Plaintiff has failed to plead any basis for recovery. The Court cannot exercise subject matter jurisdiction over this proceeding under 28 U.S.C. § 1334(b) because: (i) this proceeding did not arise under title 11 of the U.S. Code; (ii) this proceeding did not arise in an existing case under

TMC/388267.1

title 11; and (iii) this proceeding does not relate to an existing case under title 11. In addition, Plaintiff has failed to state any claim for which relief can be granted. Although Plaintiff alleges a violation of the automatic stay, his bankruptcy case was dismissed (and the automatic stay was lifted) nearly two months before the alleged violation took place.

### A. FACTUAL BACKGROUND

As explained in previous filings in Plaintiff's bankruptcy case, which has since been dismissed, JP Morgan Chase Bank, N.A. is the servicing agent for Deutsche Bank National Trust Company, which in turn serves as trustee for Long Beach Mortgage Loan Trust 2005-2. The trust's predecessor-in-interest made a loan to Plaintiff on or around November 24, 2004, in the original principal amount of $817,500. In connection with that loan transaction, Plaintiff executed a promissory note of even date in the original principle amount of $817,500. As security for his repayment of the promissory note, Plaintiff also provided a Trust Deed dated November 24, 2004, which was recorded as Instrument No. 2004-45283 in the Office of the Registrar of Deeds of Sarpy County, Nebraska on December 1, 2004. The Trust Deed creates a valid lien on the real property and certain, related improvements located at Lot Twenty-Six (26), Lake Ridge Estates, a Subdivision, as surveyed, platted and recorded in Sarpy County, Nebraska (the "Real Property").[1]

### B. PROCEDURAL BACKGROUND

Plaintiff filed a voluntary petition under Chapter 13 of the Bankruptcy Code on September 3, 2009. (Docket No. 1). A day later, the Court issued a notice of the interim appointment of Kathleen Laughlin as Chapter 13 trustee (the "Trustee"). (Document No. 4). On

---

[1] For a more complete recitation of the loan transaction, the identity and roles of each party, and a narrative of the assignment of related documents, please refer to previous filings by JP Morgan Chase Bank, N.A., in Bankruptcy Case No. 09-82347 (dismissed), at Docket Nos. 58, 85, 86, 87, and 126.

TMC/388267.1

February 24, 2010, the Trustee filed a motion to dismiss Plaintiff's bankruptcy case. In her motion, the Trustee stated that the debt listed by Plaintiff on his schedules appeared to exceed maximum limits, and also expressed concern regarding suspect business practices and various discrepancies in financial data filed by Plaintiff. Remarkably, the Trustee's motion also suggested that Plaintiff was "attempting to use the bankruptcy system improperly", and stated that Plaintiff's failure to resolve serious issues raised by the Trustee indicated "a lack of good faith that should deny the debtor use of the bankruptcy system." (Docket No. 123).

On May 4, 2010, the Court granted the Trustee's motion, and issued an Order dismissing Plaintiff's bankruptcy case. (Docket No. 172). Plaintiff filed a motion to reconsider the Court's dismissal on May 12, 2010. (Docket No. 175). The Court denied Plaintiff's motion on June 8, 2010. (Docket No. 182). On June 22, 2010, Plaintiff filed a notice of his intent to appeal the Court's Order. (Docket No. 186).

On July 8, 2010, Plaintiff initiated this adversary proceeding by filing a complaint (the "Complaint") with the Court. On August 12, 2010, Plaintiff filed a motion seeking to extend the automatic stay. (Docket No. 198). The Court denied Plaintiff's motion on the same day, citing the fact that his motion had been filed in a dismissed case.

No stay of dismissal or equivalent order has been issued in this adversary proceeding, or in Plaintiff's underlying bankruptcy case.

TMC/388267.1

## ARGUMENT

I. **THE COMPLAINT MUST BE DISMISSED BECAUSE THE COURT LACKS SUBJECT MATTER JURISDICTION.**

Plaintiff cannot satisfy his burden to demonstrate that this proceeding arises under title 11, or arises in or relates to a case under title 11.[2] *See* 28 U.S.C. § 1334(b) (2010). Accordingly, the Court cannot exercise subject matter jurisdiction over this proceeding, and Plaintiff's Complaint must be dismissed.

A. **The Legal Standard.**

Federal courts are courts of limited jurisdiction. *Chicot County Drainage Dist. v. Baxter State Bank*, 308 U.S. 371, 376, (1940). If a federal court determines that it lacks a constitutional or statutory basis to adjudicate a given case, it must dismiss that case immediately for lack of subject matter jurisdiction. Fed.R.Civ.P. 12(h)(3) (2010). A party invoking federal jurisdiction bears the burden of demonstrating that such jurisdiction exists and, in fact, must overcome a presumption against federal jurisdiction. *Sapperstein v. Hager*, 188 F.3d 852, 855-56 (7th Cir. 1999) ("The plaintiff has the obligation to establish jurisdiction by competent proof."); *Moir v. Greater Cleveland Regional Transit Authority*, 895 F.2d 266, 269 (6th Cir. 1990) ("Where subject matter jurisdiction is challenged pursuant to Rule 12(b)(1), the plaintiff has the burden of proving jurisdiction in order to survive the motion."). 28 U.S.C. § 1334(b) provides federal district courts with subject matter jurisdiction to hear all civil proceedings "arising under title 11, or arising in or related to cases under title 11." *See Williams v. Citifinancial Mortgage Co. (In re Williams)*, 256 B.R. 885, 891 (B.A.P. 8th Cir. 2001).

A court should grant a motion to dismiss for lack of subject matter jurisdiction in instances where the party seeking to invoke jurisdiction does not supply facts in support of its

TMC/388267.1

position. *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998); *In re Rainbow Sec. Inc.*, 173 B.R. 508, 510 (Bankr. M.D.N.C. 1994). Unlike the analysis applied on a motion to dismiss under Rule 12(b)(6), a court reviewing a motion under Rule 12(b)(1) may consider *disputed* facts to confirm its jurisdictional authority. *See, e.g., In re Onyx Telecommunications, Ltd.*, 60 B.R. 492, 494 (Bankr. S.D.N.Y. 1985) ("[D]isputed material facts will not preclude the court from evaluating for itself the merits of the jurisdictional claims.").

B.  **The Court Should Dismiss the Complaint for Lack of Subject Matter Jurisdiction Because This Proceeding Did Not Arise under Title 11, and It Has No Connection to a Case under Title 11.**

Subject matter jurisdiction extends to adversary proceedings only if such proceedings arise under title 11, or arise in or relate to a case under title 11. Proceedings initiated after a bankruptcy case is dismissed or otherwise closed rarely satisfy this exacting standard.[3] For this reason, dismissal of a bankruptcy case generally results in the dismissal of related adversary proceedings, particularly in cases where, as here, the underlying case is dismissed.[4]

i.  **This Proceeding Did Not *Arise under* Title 11.**

By Order dated May 4, 2010, the Court dismissed the Plaintiff's bankruptcy case citing Plaintiff's "failure to comply with previous order of the court and convert to another chapter."[5] The Court subsequently denied Plaintiff's attempt to have his dismissal reconsidered, and also

---

[2]  *See* 28 U.S.C. § 1334(b) (2010).

[3]  *See, e.g., In re McAlpin*, 278 F.3d 866 (8th Cir. 2002) (dismissing a post-discharge adversary proceeding by a debtor seeking to enjoin attempts by a student loan creditor to collect fees and costs previously disallowed); *In re Fairfield Communities, Inc.*, 142 F.3d 1093 (8th Cir. 1998) ("Generally, once a bankruptcy debtor's reorganization plan has been confirmed ... the estate of the debtor, and thus the bankruptcy court's jurisdiction, ceases to exist.").

[4]  *See, e.g., Smith v. Commercial Banking Corp., (In re Smith)*, 866 F.2d 576, 580 (3d Cir. 1989); *In re Statistical Tabulating Corp.*, 60 F.3d 1286, 1289 (7th Cir. 1995); *Querner v. Querner (In re Querner)*, 7 F.3d 1199, 1201-02 (5th Cir. 1993); *In re Carraher*, 971 F.2d 327, 328 (9th Cir. 1992); *In re Morris*, 950 F.2d 1531, 1534-1535 (11th Cir. 1992).

[5]  *See* Order Granting Motion to Dismiss Case, Doc. No. 172 (May 4, 2010).

TMC/388267.1

denied his attempt to extend the automatic stay. More than two months after the dismissal of his bankruptcy case, on July 8, 2010, Plaintiff initiated this proceeding.

A proceeding is deemed to arise under title 11 if it involves a cause of action "created or determined by a statutory provision of title 11."[6] Under this standard, Plaintiff cannot credibly argue that this adversary proceeding "arises under" title 11. Plaintiff is no longer a bankruptcy debtor. The Court dismissed his case months before this proceeding was filed. As a consequence, Plaintiff can no longer claim the statutory rights and protections provided to debtors under title 11. For example, Plaintiff can no longer claim the protection of the automatic stay, claim statutory exemptions or obtain a discharge of debt. Similarly, Plaintiff is no longer entitled to assert causes of action "created or determined" by title 11.[7] Accordingly, this proceeding cannot be deemed to "arise under" title 11.

### ii.     This Proceeding Did Not *Arise in* an Existing Case under Title 11.

Plaintiff cannot show that this proceeding arose in a case under title 11. Proceedings are deemed to "arise in" a case under title 11 only when they involve administrative issues that have no existence outside of bankruptcy.[8] It is difficult to imagine how this proceeding could involve administrative issues relating exclusively to Plaintiff's bankruptcy when it was filed more than two months after Plaintiff's bankruptcy was dismissed. Indeed the Eighth Circuit has recognized that adversary proceedings (like this one), that are filed after a bankruptcy case is fully discharged or dismissed, do not arise in a case under title 11.[9]

---

[6] *Williams*, 256 B.R. at 891.

[7] *See, e.g., In re Fairfield*, 142 F.3d at 1095 (bankruptcy court lacked subject matter jurisdiction to resolve claims arising after discharge); *In re Harrison*, 314 B.R. 751, 751 (B.A.P. 8th Cir. 2004) (holding that a bankruptcy debtor lacked standing to sue on the basis of rights available to it during bankruptcy where the claims at issue accrued outside the time in which the debtor's case was pending).

[8] *Williams*, 256 B.R. at 891.

[9] *See In re McAlpin*, 278 F.3d at 1095.

TMC/388267.1

### iii. This Proceeding Does Not *Relate to* an Existing Case under Title 11.

Plaintiff is equally unable to demonstrate that this proceeding "relates to" a case under title 11. The Eighth Circuit applies a "conceivable effect" test to determine whether subject matter jurisdiction exists under the "related to" clause of 28 U.S.C. § 1334(b).[10] In short, under this test, jurisdiction is held to exist where the outcome of a proceeding could conceivably effect the estate being administered in bankruptcy.[11] The Eighth Circuit applied its conceivable effect test in *In re McAlpin*, 278 F.3d 1093 (8th Cir. 1998), and found that jurisdiction could not exist in a case where there is no longer a plan to be confirmed, or an estate to be administered.[12] In this case, there is no pending plan, and the estate was dissolved months ago when the Court dismissed the underlying bankruptcy case. Accordingly, the Court cannot exercise subject matter jurisdiction over this proceeding.

Because Plaintiff cannot show that this proceeding arises under title 11, or arises in or relates to a case under title 11, the Court lacks authority to adjudicate this case under 28 U.S.C. § 1334(b), and the Complaint must be dismissed.

## II. THE COMPLAINT MUST ALSO BE DISMISSED BECAUSE PLAINTIFF HAS FAILED TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED.

### A. The Legal Standard.

When determining a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, courts should accept all factual allegations in the complaint as true.[13] While a complaint does not need detailed factual allegations in order to survive a motion to dismiss, it must contain "more than labels and conclusions, and a formulaic recitation of the elements of a

---

[10] *See Degpatch*, 810 F.2d at 786.
[11] *See In re McAlpin*, 278 F.3d at 1095.
[12] *Id.*
[13] *McAuley v. Federal Ins. Co.*, 500 F.3d 784, 787 (8th Cir. 2007).

TMC/388267.1

cause of action."[14] A motion to dismiss succeeds or fails on the factual allegations contained in the complaint."[15]

### B. Plaintiff Has Failed to State a Claim for a Violation of the Automatic Stay.

Plaintiff seeks multiple forms of relief in his Complaint, all of which are based on the allegation that the Defendants violated the automatic stay under 11 U.S.C. § 362. To prevail in an action for damages for a violation of the automatic stay, a plaintiff must establish three elements: (1) the alleged violation must have occurred; (2) the violation must have been committed willfully; and (3) the violation must have injured the individual seeking damages.[16] The plaintiff bears the burden of proving each of these elements by a preponderance of the evidence.[17]

The facts alleged in Plaintiff's Complaint, even if accepted as true, fail to allege a cognizable claim for a violation of the automatic stay. In fact, taken collectively, the allegations undermine Plaintiff's claim by demonstrating that the Defendants' purported violation of the stay was not a violation at all.

In paragraph 4 of his Complaint, Plaintiff alleges that on June 29, 2010, the Defendants caused the Real Property to be sold, and then executed and delivered a trustee's deed. In paragraph 10, Plaintiff alleges that the June 29, 2010 sale was "improperly held in violation of the automatic stay." In paragraph 6, Plaintiff acknowledges the dismissal of his bankruptcy case on May 4, 2010. As these undisputed facts make clear, it is not possible that the Defendants violated the automatic stay by facilitating a sale of the Real Property on June 29, 2010 because, on that date, the automatic stay was no longer in place.

---

[14] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).
[15] *McAuley*, 500 F.3d at 787.
[16] *In re Hoskins*, 266 B.R. 872, 877-78 (Bankr. W.D. Mo. 2001).

TMC/388267.1

In reality, it is well-established that the dismissal of a bankruptcy matter serves to "undo the bankruptcy case, as far as practicable, and to restore all property rights to the position in which they were found at the commencement of the case."[18] Accordingly, as of June 29, 2010, the Defendants were holders of a mortgage securing a promissory note that was in default, and their actions were no longer restrained by the automatic stay.

Simply stated, Plaintiff cannot obtain relief for an alleged violation of the automatic stay that occurred after the stay was lifted. Accordingly, Plaintiff's Complaint fails to state any claim for which relief may be granted and, as a result, the Complaint must be dismissed.

## CONCLUSION

This proceeding must be dismissed for two independent reasons. First, the Court does not have authority to adjudicate this case because it lacks subject matter jurisdiction under 28 U.S.C. § 1334(b). As set forth above, this proceeding does not involve "a right created by bankruptcy law or arising only in bankruptcy" and, because Plaintiff's bankruptcy estate was effectively dissolved on May 4, 2010, this proceeding does not relate to any case under title 11. Second, Plaintiff's sole claim for relief must fail as a matter of law because Plaintiff's bankruptcy case was dismissed months before any alleged violation of the automatic stay took place. Because the Court lacks the requisite jurisdiction, and because Plaintiff has failed to state a claim for which relief can be granted, Plaintiff's Complaint must be dismissed.

---

[17] *Westman v. Andersohn (In re Westman)*, 300 B.R. 338, 342 (Bankr. D. Minn. 2003).

[18] *In re Income Property Builders, Inc.*, 699 F.2d 963, 965 n. 1 (9th Cir.1982) (per curiam) (quoting H.R.Rep. No. 595, 95th Cong., 2d Sess. 338 (1977), reprinted in 1978 U.S.C.C.A.N. 5787, 6294).

TMC/388267.1

WHEREFORE, the Defendants respectfully request the entry of an order:

(i) Dismissing the Complaint against them in its entirety; and

(ii) Granting such other relief as the Court may deem just and proper.

/s/ Nicholas T. Dafney
Nicholas T. Dafney, #22400
Abrahams Kaslow & Cassman LLP
8712 W. Dodge Rd., Suite 300
Omaha, NE  68114
Tel:  (402) 392-1250
Fax: (402) 392-0816

and

Monica L. Davies (MN Bar #315023)
Edwin H. Caldie (MN Bar #388930)
**LEONARD, STREET AND DEINARD**
*Professional Association*
150 South Fifth Street, Suite 2300
Minneapolis, Minnesota 55402
Telephone: (612) 335-1500
Facsimile:  (612) 335-1657
*Pro Hac Vice Pending*

**ATTORNEYS FOR DEUTSCHE BANK, N.A., AND JP MORGAN CHASE BANK, N.A.**

TMC/388267.1